CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/20/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **BERNICE B.**[1], ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 6:22cv00027 |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Bernice B. ("Bernice") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433; 42 U.S.C. §§ 1381–1383f. Bernice alleges that the Administrative Law Judge ("ALJ") erred by failing to properly: (1) assess her symptoms under the two-step analysis required by Craig v. Chater, 76 F.3d 585 (4th Cir. 1996); (2) assess her allegations regarding her pain symptoms; and (3) account for her reduced range of motion in her left shoulder and right knee.

I conclude that substantial evidence does not support the Commissioner's decision because the ALJ failed to properly perform the two-step analysis required in Craig v. Chater. Accordingly, I **GRANT in part** Bernice's Motion for Summary Judgment (Dkt. 14), **DENY** the

---

[1] Due to privacy concerns, I use only the first name and last initial of the claimant in social security opinions.

Commissioner's Motion for Summary Judgment (Dkt. 19), and **REMAND** this case for further administrative proceedings consistent with this opinion.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Bernice failed to demonstrate that she was disabled under the Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d at 589 (internal citations and alterations omitted); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro, 270 F.3d at 176 (quoting Craig v. Chater, 76 F.3d at 589). Nevertheless, the court "must not abdicate [its] traditional functions," and it "cannot escape [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, remand is appropriate if the ALJ's analysis is so deficient that it "frustrate[s]

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

2

meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (noting that "remand is necessary" because the court is "left to guess [at] how the ALJ arrived at his conclusions"); see also Monroe v. Colvin, 826 F.3d. 176, 189 (4th Cir. 2016) (emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion" and holding that remand was appropriate when the ALJ failed to make "specific findings" about whether the claimant's limitations would cause him to experience his claimed symptoms during work and if so, how often) (citation omitted).

## **CLAIM HISTORY**

Bernice filed for DIB and SSI in September 2019, claiming that her disability began on May 12, 2019, due to colon cancer. R. 122, 212, 248. Bernice's date last insured is December 31, 2023[3]; thus, she must show that her disability began on or before this date and existed for twelve continuous months to receive DIB. R. 24; 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a). The state agency denied Bernice's applications at the initial and reconsideration levels of administrative review. R. 115–48. On June 17, 2021, ALJ Deborah Foresman held a hearing to consider Bernice's claim for DIB and SSI benefits. R. 54–96. Bernice was not represented by counsel at the hearing, though she now has counsel. Vocational expert Lori Cowan testified at the hearing. On September 27, 2021, the ALJ entered her decision analyzing Bernice's claims under the familiar five-step process[4] and denying her claim for benefits. R. 23–36.

---

[3] Bernice was 51 years old on the alleged disability onset date and 54 years old on the date of the ALJ's decision, making her a person approaching advanced age under the Act (age 50-54). R. 34.

[4] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of

The ALJ found that Bernice suffered from the severe impairments of colon cancer, osteoarthritis of the right knee, neuropathy of the hands and feet secondary to chemotherapy, obesity, and diabetes.[5] R. 26. The ALJ determined that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 28. The ALJ specifically considered listing 1.18 (abnormality of a major joint(s) in any extremity), listing 11.14 (peripheral neuropathy), and listing 13.18 (cancer of the large intestine). R. 28. The ALJ also considered Bernice's obesity in accordance with SSR 19-2p. Id.

The ALJ concluded that Bernice retained the residual functional capacity ("RFC") to perform a limited range of light work. R. 28. Specifically, Bernice can frequently push and pull with the bilateral upper and lower extremities, climb ramps and stairs, and kneel and stoop. She can occasionally balance and crouch and be exposed to extreme cold, but can never climb ladders, ropes, and scaffolds, or crawl. Id. The ALJ determined that Bernice is able to perform her past relevant work as a cafeteria attendant. R. 34. Alternatively, Bernice could also perfom other jobs that exist in significant numbers in the national economy, such as cashier and router. R. 35. Thus, the ALJ determined that Bernice was not disabled. R. 35–36. Bernice appealed the ALJ's decision, and the Appeals Council denied her request for review on May 2, 2022. R. 7–10.

## ANALYSIS

Bernice alleges that the ALJ's decision is not supported by substantial evidence because the ALJ failed assess her symptoms under the two-step analysis for evaluating subjective

---

proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[5] The ALJ found that Bernice's other impairments, including her gastroesophageal reflux disease, high blood pressure, high cholesterol, renal and ovarian cysts, hepatomegaly of liver, asthma, and depression were non-severe. R. 26. In finding Bernice's depression non-severe, the ALJ noted that she had no more than mild limitations in any of the four broad functional areas of mental functioning. R. 26–27.

symptoms as required by Craig v. Chater, failed to properly assess her allegations of pain, and failed to account for her reduced range of motion in her left shoulder and right knee in the RFC.

### A. Medical History Overview

1. Medical Treatment

Bernice was diagnosed with stage III colon cancer shortly after her alleged onset date in 2019 and underwent surgery in August 2019, followed by chemotherapy. R. 350, 419. By March 2020, CT scans showed no evidence of cancer recurrence. R. 585. During the relevant period, Bernice consistently complained of and received treatment for peripheral neuropathy, left shoulder, and right knee pain, and was prescribed medication, including oxycodone. See e.g. R. 529, 552, 896, 902, 973, 976, 984. In September 2020, she had chronic parasthesias with worsening pain likely caused by a combination of diabetes, with chemotherapy "worsen[ing[ [symptoms] significantly." R. 973. Bernice complained of an onset of shoulder pain in May 2019, "after riding in [a] truck" and on exam her left shoulder had limited range of motion and was tender to palpation. 544–45. An x-ray of Bernice's right knee in February 2020 showed no significant degenerative changes and no fracture or malalignment. R. 571. Bernice began physical therapy in July 2020 to improve her balance and was discharged in September 2020 after 6 visits, with improved balance, though she continued to have neuropathy pain. R. 860, 1032. She started physical therapy again in April 2021, with complaints of peripheral neuropathy and balance problems, and after ten sessions again showed mobility improvement, but ongoing neuropathy. R. 1022, 1027. In July 2021, she was evaluated by an occupational therapist for complaints related to peripheral neuropathy in her hands, deciding not to continue with occupational therapy at that time, and instead pursuing physical therapy, as she felt "as if her balance is a large limitation." R. 1004–06.

2. Medical Opinions

State agency doctors Richard Surrusco, M.D. and Bert Spetzler, M.D., reviewed the record in February and August 2020, respectively, and found that Bernice was capable of a limited range of light work, with additional postural limitations indicated at the reconsideration level. R. 125–28, 145–47. The ALJ found both opinions persuasive. R. 33.

Emaculate V. Tebit M.D., Brown's treating oncologist, wrote a letter dated October 27, 2020 stating that "due to complications from [Brown's] treatments from colon cancer, she was unable to resume work." R. 920. Dr. Stefan Gorsch, M.D., a treating doctor from the same practice group, wrote a similar letter, dated May 25, 2021, but also explaining that Bernice "has neuropathy in her feet and hands." R. 925. The ALJ references only the letter from Dr. Gorsch in her opinion, but does not discuss it, writing that she "did not provide articulation about the evidence that is inherently neither valuable nor persuasive to the issue [of disability]."[6] R. 33.

**B. Evaluation of Subjective Symptoms under the Required Two-Step Process**

Bernice argues that the ALJ failed to make a proper Step One finding as required by Craig v. Chater. The Commissioner counters that the ALJ "sufficiently complie[d]" with the requirements of the two-step process and the ALJ's subsequent analysis of Bernice's subjective complaints at Step Two "further confirms that the ALJ found in favor of [Bernice]" at Step One." D.'s Br. at 12, 14.[7]

---

[6] The ALJ does provide the record cites for each letter, mistakenly indicating they were both authored by Dr. Gorsch. R. 33.

[7] The Commissioner cites to Reginald C. v. Saul, No. 6:19-CV-00048, 2020 WL 7038606, at *4 (W.D. Va. Nov. 13, 2020), report and recommendation adopted, No. 6:19-CV-48, 2020 WL 7029162 (W.D. Va. Nov. 30, 2020) to support this statement. However, that case did not involve the precise issue here, where the ALJ allegedly failed to address the threshold question in Step One of whether the plaintiff had impairments that could *reasonably be expected to produce the alleged pain*. In Reginald C., the ALJ used the following language, finding that:

As explained by the Fourth Circuit, the evaluation of subjective symptoms is a two-step process. "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged.*'" Craig, 76 F.3d at 594 (emphasis in original) (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). "Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017). "The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects." Id.

Here, at the first step of the Craig analysis, the ALJ does not explicitly state whether Bernice's severe impairments of colon cancer, neuropathy, osteoarthritis of her right knee, diabetes, and obesity, *could reasonably be expected* to produce her symptoms. Instead, the ALJ, after summarizing the testimony, medical treatment, and opinion evidence wrote:

> While the record supports some limitations that the claimant has alleged due to colon cancer, neuropathy, osteoarthritis of her right knee, diabetes, and obesity, it does not support the severity of those limitations.

R. 33.[8]

---

The claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not convincing to the extent they are inconsistent with the [RFC].

Id. at R. 21, ALJ Opinion.

[8] This is despite previously outlining the requirements for the two-step process, writing:

In considering the claimant's symptoms, the undersigned must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s) – i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques – that could reasonably be expected to produce the claimants' pain or other symptoms.

R. 29.

I recognize that district courts in the Fourth Circuit have reached different conclusions on whether failure to make an express finding at step one of the Craig analysis requires remand. Compare Greene v. Kijakazi, No. 5:21-CV-516-FL, 2023 WL 2639295, at *9 (E.D.N.C. Mar. 1, 2023), report and recommendation adopted, No. 5:21-CV-516-FL, 2023 WL 2637377 (E.D.N.C. Mar. 24, 2023) (noting that "Over a decade ago, a split was recognized among courts within the Fourth Circuit regarding whether an ALJ's failure to make an express finding at Step One of the Craig analysis requires remand" and remanding for failure to make an express Step One finding) (collecting cases), with Ronald N. E. v. Saul, No. 3:19CV281 (MHL), 2020 WL 4873867, at *5 (E.D. Va. July 31, 2020), report and recommendation adopted, No. 3:19CV281, 2020 WL 4872836 (E.D. Va. Aug. 19, 2020) )(finding that the ALJ's discussion of the claimants medical record and diagnoses, along with the ALJ's conclusion that the "record supports the *types* of limitations that the claimant has alleged," satisfies step one of the Craig analysis and declining to recommend remand on that basis). In Craig, the Fourth Circuit remanded to the Commissioner because the ALJ did not "expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges" and instructed the ALJ, on remand to "determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains." Craig, 76 F.3d at 596. Based on this reasoning, I find that remand is also required here, as the ALJ failed to make a finding as to whether Bernice's impairments "could reasonably be expected to produce her alleged symptoms", but instead proceeded directly to Step Two of the analysis, assessing Bernice's credibility.

The Commissioner argues that the ALJ made a sufficient Step One finding by stating that, "*While the record supports some limitations that the claimant has alleged* due to colon

8

cancer, neuropathy, osteoarthritis of her right knee, diabetes, and obesity, it does not support the severity of those limitations." Pl's. Br. at 12, Dkt. 20. The Commissioner contends this statement means "the ALJ recognized that [Bernice's] impairments could reasonably be expected to produce her pain." Id. I disagree because I conclude that an express Step One finding is required; a finding as to whether Bernice's impairments "could reasonably be expected to produce" her alleged symptoms.[9] While the ALJ accurately noted Bernice's frequent complaints and treatment for pain in her decision, including reporting "worsening neuropathy" and "pain and a burning sensation in both legs" on examination" (R. 31–32) she failed to credit or even discuss these pain symptoms in her Two Step analysis. R. 33–34. Instead, the ALJ summarized that "at appointments, [Bernice] generally appeared in no acute distress with normal range of motion, full strength, no redness or swelling, normal monofilament testing of the feet, and no consistent use of assistive device at appointments" concluding that "the record does not support the severity of the symptoms alleged." R. 34.

At bottom, the ALJ's analysis, including her statement that the "record supports some limitations that the claimant has alleged" does not satisfy Step One of the two-step pain assessment, required by the regulations and as set out in Craig. See e.g. Danielle B. v. Saul, No. 4:20cv27, 2021 WL 2845317, at *8–9 (W.D. Va. July 8, 2021) (determining ALJ's finding that "[w]hile the record supports the types of limitations that the claimant has alleged, it does not support their severity" did not constitute express threshold finding required by regulations) (collecting cases); Allen B. v. Saul, No. 4:20-CV-00002, 2021 WL 827143, at *6 (W.D. Va. Mar. 4, 2021) (collecting cases). Accordingly, I find the ALJ's failure to properly conduct the

---

[9] In making the RFC finding, the ALJ wrote that she has "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" which is likewise not sufficient.

two-step pain assessment requires remand. On remand, the ALJ should apply the correct legal standard and make explicit findings as to both steps of the two-step pain inquiry.[10]

## CONCLUSION

For these reasons set forth above, I **GRANT in part** Bernice's motion for summary judgment, **DENY** the Commissioner's motion for summary judgment this case, and **REMAND** this matter to the Commissioner for additional consideration under sentence four of 42 U.S.C. § 405(g).

Entered:  June 20, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[10] As I am remanding on this ground, I do not also specifically address Bernice's other allegations of error. However, on remand, the ALJ should also consider these other allegations of error.